IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 02: 03-cr-0229 |
| | ) | 02: 09-cv-0999 |
| DANA LAMAUR PENNEY | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a handwritten MOTION FOR REMEDIES ON MOTION ATTACKING SENTENCE PURSUANT TO 28 U.S.C. 2255 filed *pro se* by Petitioner, Dana Penney (*Document No. 61.*)

On August 27, 2004, Dana Lamaur Penney pled guilty to Count One of a two-count Indictment which charged him with Possession With Intent to Distribute Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, In The Form Commonly Known as Crack, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

On February 11, 2005, the Court sentenced Defendant to 124 months of imprisonment, to be served concurrently with the undischarged terms of imprisonment imposed on Defendant by the Beaver County Court of Common Pleas at Criminal Nos. 471 of 2002, 112 of 2002, and 2367 of 2005, to be followed by five years supervised release.  Count Two of the Indictment was dismissed on the motion of the United States.

On September 16, 2008, the Defendant, through counsel, filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 45).  On October 15, 2008, the Court resentenced Defendant to 120 months of imprisonment to be served concurrently with the undischarged terms of imprisonment imposed on Defendant by the

Beaver County Court of Common Pleas at Criminal Nos. 471 of 2002, 112 of 2002, and 2367 of 2005, to be followed by five years supervised release.  An Amended Judgment was filed that same day.

On January 9, 2009, Defendant, pro se, filed a Notice of Appeal of the Amended Judgment with the United States Court of Appeals for the Third Circuit.

On March 23, 2009, Defendant, pro se, filed a Motion for Mistake, Inadvertence, or Excusable Neglect; Newly Discovered Evidence Under Federal Rules of Civil Procedure 60(b)(6) (sic).  By Order of Court entered April 6, 2006, the Court denied the Motion.

On April 24, 2009, the Defendant, pro se, filed a Motion to Alter or Amend a Judgment Pursuant to 28 U.S.C. Rule 59(e).  The government's response to this motion is due on or before August 13, 2009.

On June 9, 2009, the United States Court of Appeals for the Third Circuit dismissed Defendant's Notice of Appeal as untimely.

On July 31, 2009,  Defendant *pro se* filed the instant motion in which he asks the Court to vacate, set aside or correct his sentence based on claims of alleged ineffective assistance of counsel.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has implemented a procedural framework that limits the number and frequency of second or successive § 2255 petitions which may be brought before the federal courts.   "The once generous practice of liberally construing pro se filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however,

2

dramatically altered the form and timing of habeas petitions filed in the federal courts. Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final.

With AEDPA in place, the practice of liberally construing post-conviction motions as § 2244 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

*United States v. Chew*, 284 F.3d 468, 470-71 (3d Cir. 2002) (quoting *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999)).

Accordingly, under the *Miller* case "district courts provide certain prophylactic 'notice' measures before either re-characterizing a post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such when the petitioner is proceeding pro se." *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).[1]

---

[1] In dicta, the United States Court of Appeals for the Third Circuit in *United States v. Perry*, 142 F. App'x 610 (3d Cir. 2005), expressed concern over the requirements of *Miller* in light of the United States Supreme Court's decisions in *Castro v. United States*, 540 U.S. 375 (2003) and *Pliler v. Ford,* 542 U.S. 225 (2004). The court of appeals explained that the Supreme Court's decisions required a prisoner be given notice prior to recharacterizing the prisoner's post-conviction filing as a 28 U.S.C. § 2255 motion, but the court is not required to warn the prisoner of certain consequences. The Court of Appeals for the Third Circuit noted that *Miller* may

(continued...)

The *Miller* rule obligates this Court to advise Defendant that he may:

(1)   have his motion ruled upon as filed;

(2)   if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3)   withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

*Miller,* 197 F.3d at 652.

Because Defendant Penney might not have been aware of the potential legal consequences when he filed the instant motion on July 31, 2009, the Court will delay its consideration of his motion at the present time. Instead, Defendant will be ordered to consider, then select one of the three options listed above and advise the Court of his decision on or before **September 18, 2009**, which is forty-five (45) days from this Memorandum Order. If Defendant chooses not to respond, this Court will rule upon the motion as filed as explained in Option # 1 above.

An appropriate Order follows.

McVerry, J.

---

[1](...continued)
require the courts to go too far by issuing a "procedural roadmap to every *pro se* litigant who files a pleading, however denominated, expressing an intention to challenge his or her conviction or sentence." *Perry*, 142 F. App'x at 612-13. The Court of Appeals for the Third Circuit has nonetheless cited the *Miller* requirements with approval since it decided *Perry*. See *In re Wagner*, 421 F.3d 275, 278 (3d Cir. 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 02: 03-cr-0229 |
| | ) | 02: 09-cv-0999 |
| DANA LAMAUR PENNEY | ) | |

**ORDER OF COURT**

**AND NOW**, this 4th day of August, 2009, upon consideration of the Motion For Remedies On Motion Attacking Sentence Pursuant to 28 U.S.C. 2255 filed by Petitioner it is hereby **ORDERED** that Petitioner / Defendant Dana Lamaur Penney has until September 18, 2009, which is forty-five (45) days from the date of this Order, within which to advise this Court as to his choice from the following three options:

(1) have his motion ruled upon as filed;

(2) if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3) withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

If Petitioner does not notify this Court of his choice, then this Court will rule upon his motion as filed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court

cc: Constance M. Bowden,
Assistant U.S. Attorney
Email: constance.bowden@usdoj.gov

Michael A. Comber,
Assistant U.S. Attorney
Email: michael.comber@usdoj.gov

Dana Penney
Register # 07908-068
FCI Phoenix
Federal Correctional Institution
37910 N. 45th Avenue
Phoenix, AX 85086