IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 02: 03-cr-0229 |
| ) | 02: 09-cv-1312 |
| DANA LAMAUR PENNEY ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (*Document No. 67*) and an APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT *(Document No. 68),* filed *pro se* by Petitioner / Defendant, Dana Lamaur Penney.

**Background**

On August 27, 2004, Dana Lamaur Penney pled guilty to Count One of a two-count Indictment which charged him with Possession With Intent to Distribute Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, In The Form Commonly Known as Crack, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii). Defendant was informed by the Court at the Change of Plea hearing that the penalties for this crime included a statutory mandatory minimum sentence of imprisonment of ten (10) years to a maximum term of life.

The Presentence Investigation Report prepared by the Probation Office reflected that Defendant's Total Offense Level was 29 with a Criminal History Category of V, which resulted under the advisory guidelines in a range of imprisonment of 140 to 175 months, a sentence higher than the required statutory mandatory minimum of ten (10) years.

On February 11, 2005, the Court sentenced Defendant below the advisory guidelines, but within the statutory framework, to 124 months of imprisonment, to be served concurrently with the undischarged terms of imprisonment imposed by the Beaver County Court of Common Pleas at Criminal Nos. 471 of 2002, 112 of 2002, and 2367 of 2005, to be followed by five years supervised release.  Count Two of the Indictment was dismissed on the motion of the United States.

On September 16, 2008, the Defendant, through counsel, filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 45).  On October 15, 2008, the Court resentenced Defendant to 120 months of imprisonment, the statutory mandatory minimum sentence, to be served concurrently with the undischarged terms of imprisonment imposed by the Beaver County Court of Common Pleas at Criminal Nos. 471 of 2002, 112 of 2002, and 2367 of 2005, to be followed by five years supervised release.   An Amended Judgment was filed that same day.

On January 9, 2009, Defendant, pro se, filed a Notice of Appeal of the Amended Judgment with the United States Court of Appeals for the Third Circuit.

On March 23, 2009, Defendant, *pro se*, filed a Motion for Mistake, Inadvertence, or Excusable Neglect; Newly Discovered Evidence Under Federal Rules of Civil Procedure 60(b)(6) (sic).  By Order of Court entered April 6, 2006, the Court denied the Motion.

On April 24, 2009, the Defendant, *pro se*, filed a Motion to Alter or Amend a Judgment Pursuant to 28 U.S.C. Rule 59(e). By Order of Court entered August 18, 2009, the Court denied the Motion.

On June 9, 2009, the United States Court of Appeals for the Third Circuit dismissed Defendant's Notice of Appeal as untimely.

On July 31, 2009, Defendant, *pro se,* filed a handwritten Motion for Remedies on Motion Attacking Sentence Pursuant to 28 U.S.C. 2255 (Document No. 61). In accordance with the directives of the United States Court of Appeals for the Third Circuit in *United States v. Miller*, on August 4, 2009, the Court issued an Order in which it notified Petitioner that he had until September 18, 2009, which was forty-five (45) days from the date of the Order, within which to advise the Court as to his choice from the following three options:

(1)   have his motion ruled upon as filed;

(2)   if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3)   withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

The Court also informed Petitioner that if he did not notify the Court of his choice, the Court would rule upon his motion as filed.

Petitioner did not directly respond to the *Miller* Notice, but rather filed on September 28, 2009, the instant Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody utilizing a pre-printed AO243 form.

**Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may move the Court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of

the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . ."  28 U.S.C. § 2255.  However, the Court may sua sponte dismiss the motion if "it plainly appears from the face of the motion that the movant is not entitled to relief in the district court."  Rule 4(b), Rules Governing Section 2255 Proceedings For the United States District Courts.

## Discussion

Defendant's grounds for relief all surround the issue of whether the Court had the authority to resentence Defendant below the statutory mandatory minimum.  Defendant contends that (i) he was denied effective assistance of counsel because "after being given instructions to appeal" the Amended Judgment of October 15, 2008, "Defendant's lawyer William Difenderfer made no attempt to appeal" and that (ii) the Court made a "mistake" because the "Judge believes he does not have the authority to go below the mandatory minimum.  For time already served on a state sentence ran concurrent with the federal offense the judge has the authority to go below the mandatory minimum in this instance."  Defendant argues that "the Judge has the authority to [grant] a downward departure pursuant to 5G1.3(c) to an amended guideline range."

As previously explained to Defendant, a sentencing court, in adjusting a sentence pursuant to Section 5G1.3(c) of the guidelines, simply does not have the authority to reduce a sentence below a statutory mandatory minimum sentence.  *See United States v. Maldonado*, 297

Fed. Appx. 106, 2008 WL 4717517 (3d Cir. October 28, 2008) (unpublished).  Therefore, the Court finds and rules that it did not make a mistake in refusing to resentence Defendant below the statutory mandatory minimum sentence.

Further, the Court finds that Defendant's claims of ineffective assistance of counsel also must fail.  These allegations are governed by the familiar, two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Not only must Defendant demonstrate that his attorney's performance was deficient, but he must also demonstrate that he suffered resultant prejudice.  *Id.* at 687.

As discussed above, Defendant's argument that the Court should have sentenced him below the statutory mandatory minimum is misplaced.  Accordingly, defense counsel's failure to appeal this issue was not deficient.  Defendant, thus, suffered no prejudice as a result of his attorney's failure to appeal this issue.

### Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability should be issued with respect to Defendant's motion to vacate. When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further.*"  Barefoot v. Estelle*, 463 U.S. 880, 893

(1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

The Court finds that jurists of reason would not find it debatable whether Defendant states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether the Court was correct in its ruling that a sentencing court in adjusting a sentence pursuant to Section 5G1.3(c) of the guidelines, simply does not have the authority to reduce a sentence below a mandatory statutory minimum sentence.   Accordingly, a certificate of appealability will not be issued.

## Conclusion

The Court finds that it "plainly" appears from the face of Defendant's Section 2255 motion and the prior proceedings in this case that Defendant is not entitled to relief.  Therefore, is not necessary to direct the United States Attorney to file a response to the motion, and it is not necessary to conduct an evidentiary hearing.

For the reasons set forth herein, the Court concludes that Defendant is not entitled to relief under 28 U.S.C. § 2255 and that summary dismissal is appropriate.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 02: 03-cr-0229 |
| | ) | 02: 09-cv-1312 |
| DANA LAMAUR PENNEY | ) | |

**ORDER OF COURT**

  **AND NOW**, this 6th day of October, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED.**

  It is further **ORDERED, ADJUDGED AND DECREED** that a Certificate of Appealability SHOULD NOT ISSUE with respect to the Court's Order denying Petitioner's section 2255 Motion because, for the reasons set forth in the Memorandum Opinion, he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition . . . under § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

  The Application to Proceed Without Prepayment of Fees and Affidavit is **DISMISSED AS MOOT.**

            BY THE COURT:

            s/Terrence F. McVerry
            United States District Court

cc:	Constance M. Bowden,
	Assistant U.S. Attorney
	Email: constance.bowden@usdoj.gov

	Michael A. Comber,
	Assistant U.S. Attorney
	Email: michael.comber@usdoj.gov

	Dana Penney
	Register # 07908-068
	FCI Phoenix
	Federal Correctional Institution
	37910 N. 45th Avenue
	Phoenix, AZ 85086