# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 02: 03-cr-0229 |
| | ) | |
| DANA LAMAUR PENNEY | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a "MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) PURSUANT TO S. 1979" filed *pro se* by Defendant, Dana Lamaur Penney (*Document No. 81*) and the RESPONSE filed the government (*Document No. 83*).[1]

## Background

On August 27, 2004, Dana Lamaur Penney pled guilty to Count One of a two-count Indictment which charged him with Possession With Intent to Distribute Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, In The Form Commonly Known as Crack, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii). Defendant was informed by the Court at the Change of Plea hearing that the penalties for this crime included a statutory mandatory minimum sentence of imprisonment of ten (10) years to a maximum term of life.

The Presentence Investigation Report prepared by the Probation Office reflected that Defendant's Total Offense Level was 29 with a Criminal History Category of V, which resulted

---

[1] On November 23, 2011, Michael J. Novara, Assistant Federal Public Defender, entered his appearance as counsel for Mr. Penney. By Text Order of January 4, 2012, the Court granted Defendant's request for permission to file a reply to the government's response, if deemed necessary, on or before January 25, 2012. To date, no reply has been filed.

under the guidelines in a range of imprisonment of 140 to 175 months, a sentence higher than the required statutory mandatory minimum of ten (10) years. Defendant's offense level was based on his possession of 127 grams of cocaine base.

On February 11, 2005, the Court sentenced Defendant below the advisory guidelines, but within the statutory framework, to 124 months of imprisonment, to be served concurrently with the undischarged terms of imprisonment imposed by the Beaver County Court of Common Pleas at Criminal Nos. 471 of 2002, 112 of 2002, and 2367 of 2005, to be followed by five years supervised release. Count Two of the Indictment was dismissed on the motion of the United States.

On September 16, 2008, the Defendant, through counsel, filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Document No. 45). On October 15, 2008, the Court resentenced Defendant to 120 months of imprisonment, the statutory mandatory minimum sentence, to be served concurrently with the undischarged terms of imprisonment imposed by the Beaver County Court of Common Pleas at Criminal Nos. 471 of 2002, 112 of 2002, and 2367 of 2005, to be followed by five years supervised release. An Amended Judgment was filed that same day.

On January 9, 2009, Defendant, pro se, filed a Notice of Appeal of the Amended Judgment with the United States Court of Appeals for the Third Circuit.

On March 23, 2009, Defendant, *pro se*, filed a Motion for Mistake, Inadvertence, or Excusable Neglect; Newly Discovered Evidence Under Federal Rules of Civil Procedure 60(b)(6) (sic). By Order of Court entered April 6, 2006, the Court denied the Motion.

On April 24, 2009, the Defendant, *pro se*, filed a Motion to Alter or Amend a Judgment Pursuant to 28 U.S.C. Rule 59(e). By Order of Court entered August 18, 2009, the Court denied the Motion.

On June 9, 2009, the United States Court of Appeals for the Third Circuit dismissed Defendant's Notice of Appeal as untimely.

On July 31, 2009, Defendant, *pro se,* filed a handwritten Motion for Remedies on Motion Attacking Sentence Pursuant to 28 U.S.C. 2255 (Document No. 61). In accordance with the directives of the United States Court of Appeals for the Third Circuit in *United States v. Miller*, on August 4, 2009, the Court issued an Order in which it notified Petitioner that he had until September 18, 2009, which was forty-five (45) days from the date of the Order, within which to advise the Court as to his choice from the following three options:

(1) have his motion ruled upon as filed;

(2) if his motion is not styled as a § 2255 motion, have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or

(3) withdraw his motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

The Court also informed Defendant that if he did not notify the Court of his choice, the Court would rule upon his motion as filed.

Defendant did not directly respond to the *Miller* Notice, but rather on September 28, 2009, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody utilizing a pre-printed AO243 form. Defendant's grounds for relief

all surrounded the issue of whether the Court had the authority to resentence Defendant below the statutory mandatory minimum. Defendant argued that "the Judge has the authority to [grant] a downward departure pursuant to 5G1.3(c) to an amended guideline range."

In a Memorandum Opinion and Order filed October 6, 2009, the Court denied the Motion under 28 U.S.C. § 2255 finding that the Court did not make a mistake in refusing to resentence Defendant below the statutory mandatory minimum sentence. (Document No. 69). The Court explained that a sentencing court, in adjusting a sentence pursuant to Section 5G1.3(c) of the guidelines, simply does not have the authority to reduce a sentence below a statutory mandatory minimum sentence. *See United States v. Maldonado*, 297 Fed. Appx. 106, 2008 WL 4717517 (3d Cir. October 28, 2008) (unpublished).

In the instant motion, Defendant again requests a reduction in his sentence below the statutory mandatory minimum. Defendant bases his arguments on recent changes in the law relating to statutory and guideline sentences applicable in cases involving cocaine base, in a form commonly known as crack - specifically, the Fair Sentencing Act of 2010 and amended guidelines relating to crack/ cocaine offenses promulgated subsequent to the enactment of the Fair Sentencing Act.

**Discussion**

The Fair Sentencing Act of 2010 amended Title 21, United States Code, section 841(b)(1)(A)(iii) to require 280 grams of cocaine base to trigger the ten year mandatory minimum sentence. Based on Defendant's possession of 127 grams of cocaine base, his base offense level under the amended advisory guidelines would be a level 28 and with three points deducted for acceptance of responsibility, the new adjusted offense level would be a level 25.

Defendant's criminal history category remains a V, which results in an advisory guideline range of 100-125 months.

However, neither the passage of the Fair Sentencing Act nor the amended guidelines have any bearing on the resolution of the issue currently before the Court.  In *United States v. Reevey*, 631 F.3d 110 (3d Cir. 2010), the United States Court of Appeals for the Third Circuit specifically held that the Fair Sentencing Act is not retroactive to the group comprised of defendants who committed their crimes <u>and</u> who were sentenced before the Fair Sentencing Act was enacted.  Further, while the Sentencing Commission on June 30, 2011, unanimously voted to apply the amended guidelines retroactively to defendants sentenced before the passage of the Fair Sentencing Act, that decision does not affect statutory mandatory minimum sentences.  *See United Sates v. Surratt*, 2011 WL 5925306 at n.1 (3d Cir. Nov. 29, 2011) (unpublished opinion).  As a result, because the Defendant committed the instant offense and was sentenced prior to the time the Fair Sentencing Act became effective, he remains subject to the statutory mandatory minimum sentence of imprisonment of ten (10) years and this Court continues to have no authority to reduce his sentence despite the Fair Sentencing Act and amendments to the sentencing guidelines.  *See United States v. Maldonado*, 297 Fed. Appx. 106, 2008 WL 4717517 (3d Cir. Oct. 28, 2008) (unpublished opinion).

The Court notes assuming, *arguendo*, that either the Fair Sentencing Act and/or the amended guidelines applied in this situation, Defendant was resentenced on October 15, 2008, to 120 months imprisonment, a sentence well within the most recently promulgated guidelines for a total offense level of  25 and a criminal history category V , i.e., 100-125 months.

Defendant also requests that his sentence be reduced in order to account for time he has already served on a state concurrent sentence. Defendant has raised this issue on prior occasions and each time the Court has explained that it does not have the authority to reduce the Defendant's mandatory sentence in order to account for time he served in state prison prior to the time the initial sentence was imposed in this case. *See United States v. Maldonado*, 287 Fed. Appx. 106, 2008 WL 4717517 (3rd Cir. October 28, 2008); *see also* Memorandum Opinion and Order filed October 6, 2009 (Document No. 69).

## Conclusion

For the reasons set forth hereinabove, the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Pursuant to S 1789 will be denied.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | 02: 03-cr-0229 |
| | ) | |
| DANA LAMAUR PENNEY | ) | |

## ORDER OF COURT

**AND NOW**, this 1st day of February, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Pursuant to S 1789 is denied.

BY THE COURT:

s/Terrence F. McVerry
United States District Court

cc: Constance M. Bowden,
Assistant U.S. Attorney
Email: constance.bowden@usdoj.gov

Michael A. Comber,
Assistant U.S. Attorney
Email: michael.comber@usdoj.gov

Michael J. Novara
Assistant Federal Public Defender
Email: Michael_Novara@fd.org

Dana Penney
Register # 07908-068
USP Big Sandy
P. O. Box 2068
Inez, KY 41224